SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christopher Lamar Cleveland, | ) | No. CV 12-1942-PHX-DGC (SPL) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Pinal County Superior Court, et al., | ) | |
| Defendants. | ) | |

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Plaintiff also filed a motion for appointment of counsel and a motion to submit addresses to the U.S. Marshal for service. (Doc. 6, 7.) The Court will dismiss the Complaint for failure to state a claim and this action. The Court will also deny Plaintiff's motions.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $17.06. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

The United States Court of Appeals for the Ninth Circuit has instructed that courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

- 2 -

action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim without leave to amend because the defects cannot be amended to state a claim.

**III.   Complaint**

Plaintiff alleges three counts for violations of his Fourteenth Amendment rights and various federal statutes. Plaintiff sues the Pinal County Superior Court, the State Bar of Arizona, Assistant Pinal County Public Defender Paula M. Cook, and Deputy Pinal County Attorney Jason R. Holmberg. Plaintiff seeks compensatory and injunctive relief.

Plaintiff is charged in Pinal County Superior Court, case# CR201200144, with failing to file a sex offender notice.[1] Plaintiff is or was represented by Assistant Public Defender Cook and is being prosecuted by Deputy County Attorney Holmberg.[2]

In his Complaint, Plaintiff alleges the following facts: on January 24, 2012, prosecutor Holmberg filed a notice of hearing to have Plaintiff transported for an initial appearance or preliminary hearing, although Plaintiff was not then in custody. Holmberg also wrongly indicated that Plaintiff was then represented by counsel. On February 14, 2012, another attorney appeared on Holmberg's behalf, but neither Plaintiff nor his attorney were present. The court issued a bench warrant and Plaintiff was arrested on February 17 and appointed counsel.

At some point, Plaintiff received a copy of his criminal history report. He contends that it contained several discrepancies, in violation of 18 U.S.C. § 1001. Plaintiff informed

---

[1] See http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (last visited Oct. 4, 2012).

[2] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry filed July 11, 2012 (last visited Oct. 4, 2012).

- 3 -

1  Cook of the discrepancies, but she failed to inform the court.  The Pinal County Superior
2  Court thereafter knowingly certified a false report.
3        Plaintiff contends that prosecution against him was instituted without first obtaining
4  and verifying that Plaintiff was subject to a California court order requiring him to register.
5  He asserts that Cook's belated request for Plaintiff's California court records reflects as much
6  and that the Pinal County Superior Court and Holmberg lack jurisdiction over him in
7  connection with the charge.
8        Attachments to the Complaint reflect that Plaintiff filed a complaint with the Arizona
9  State Bar concerning the above allegations.  The State Bar responded by telling Plaintiff that
10 the facts and legal issues raised by him could only be addressed by a court and that the State
11 Bar was not the appropriate venue.

12 **IV.    Failure to State a Claim**

13       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
14 conduct about which he complains was committed by a person acting under the color of state
15 law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.
16 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional
17 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
18 a particular defendant and he must allege an affirmative link between the injury and the
19 conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

20     **A.    Pinal County Superior Court**

21       Plaintiff sues the Pinal County Superior Court.  "A state court is not a 'person' for
22 purposes of  42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute."
23 Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); see Ray v. New Jersey, 219 Fed.
24 Appx. 121, 124 (3d Cir. 2007) (New Jersey Superior Court was not a "person" under
25 § 1983); Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1140-41 (7th Cir. 1999) (state
26 supreme court was not a "person" subject to suit); Mumford v. Zieba, 4 F.3d 429, 435 (6th
27 Cir. 1997) (citing Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988)); Clark v. Clark, 984
28 F.2d 272, 273 (8th Cir. 1993); Marcello v. Maine, 464 F. Supp.2d 38, 43-44 (D. Me. 2006);

1  Rothstein v. Montana Supreme Court, 638 F.Supp. 1311, 1312 (D. Mont. 1986); O'Connor
2  v. State of Nev., 507 F.Supp. 546, (D. Nev. 1981), aff'd 686 F.2d 749 (9th Cir. 1982) (*per*
3  *curiam*); Louis v. Supreme Court of Nevada, 490 F.Supp. 1174, 1180 (D.Nev. 1980) (as a
4  state is not a "person" within the meaning of § 1983, neither is the state's supreme court a
5  "person" under the statute). Because the Pinal County Superior Court is not a "person" for
6  purposes of § 1983, it will be dismissed as an improper Defendant.

**B.      State Bar of Arizona**

Plaintiff also sues the State Bar of Arizona. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without the state's consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state bar operates as the investigative arm of its state supreme court, and thus, is an agency of the state; as an agency of the state, the Eleventh Amendment renders state bars immune from suit in a federal court. Gilchrist v. Arizona Supreme Court, 10 Fed. Appx. 468, 470 (9th Cir. 2001); see O'Connor v. State of Nev., 686 F.2d 749, 750 (9th Cir. 1982) (*per curiam*). Accordingly, the State Bar of Arizona will be dismissed based on immunity.

**C.      Cook**

Plaintiff sues Assistant County Public Defender Cook, who represents Plaintiff in his state criminal proceedings. A prerequisite for any relief under § 1983 are allegations to support that a defendant acted under color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. Lugar v. Edmondson Oil Co, Inc., 457 U.S. 922, 928 (1982); Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); West v. Atkins, 487 U.S. 42, 49 (1988)). "Acting under color of state law is 'a jurisdictional requisite for a §1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda v. Clark County, Nevada,

1  319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).  Because Plaintiff sues Cook solely based on
2  her representation of him as a defense attorney, Plaintiff fails to state a claim against Cook
3  under § 1983 and she will be dismissed.

4        **D.**      **Holmberg**

5        Plaintiff sues Deputy County Attorney Holmberg.  A prosecutor is absolutely immune
6  from liability under § 1983 for conduct in "initiating a prosecution and in presenting the
7  State's case" insofar as that conduct is "intimately associated with the judicial phase of the
8  criminal process."  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v.
9  Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting
10 Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).  That
11 is, "[a] prosecutor is protected by absolute immunity from liability for damages under § 1983
12 'when performing the traditional functions of an advocate.'"  Genzler v. Longanbach, 410
13 F.3d 630, 636 (9th Cir. 2005) (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)).
14 Absolute immunity extends to a prosecutor "eliciting false or defamatory testimony from
15 witnesses" or for making false or defamatory statements during and related to judicial
16 proceedings.  Buckley, 509 U.S. at  270 (citations omitted).  "However, 'the actions of a
17 prosecutor are not absolutely immune merely because they are performed by a prosecutor.'"
18 Genzler, 410 F.3d at 636 (quoting Buckley, 509 U.S. at 273).  Rather, prosecutorial immunity
19 depends on "'the nature of the function performed, not the identity of the actor who
20 performed it.'"  Id. (quoting Kalina, 522 U.S. at 127).  A prosecutor is only entitled to
21 qualified immunity, rather than absolute immunity, when he performs administrative or
22 investigative functions.  Id.

23       Plaintiff sues Holmberg based solely on his prosecution of Plaintiff.  Holmberg is
24 entitled to absolute prosecutorial immunity for those acts.  Accordingly, Plaintiff fails to state
25 a claim against Holmberg and he will be dismissed.

26 **V.**      **Conclusion**

27       Plaintiff seeks relief under § 1983 against improper Defendants or for actions which
28 are not under color of state law or are entitled to absolute immunity.  Because Plaintiff cannot

amend his compliant to state a claim against any of the Defendants, his Complaint and this action will be dismissed without leave to amend and his motions will be denied as moot.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $17.06.

(3) The Complaint and this action are **dismissed** for failure to state a claim without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.  (Doc. 1.)

(4) Plaintiff's motions for appointment of counsel and to submit addresses to the U.S. Marshal are **denied** as moot.  (Doc. 6, 7.)

(5) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 16th day of October, 2012.

David G. Campbell
United States District Judge

- 7 -